NELSON MULLINS RILEY & SCARBOROUGH LLP
Miles E. Coleman (admitted *pro hac vice*)
miles.coleman@nelsonmullins.com
2 W. Washington Street, Suite 400
Greenville, SC 29601
Telephone: (864) 373-2352
Facsimile: (864) 373-2925

Jeffrey A. Wald (admitted *pro hac vice*)
jeffrey.wald@nelsonmullins.com
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: (336) 774-3335
Facsimile: (336) 774-3299

Madeline C. Bergstrom (application for admission *pro hac vice* forthcoming)
madeline.bergstrom@nelsonmullins.com
101 Constitution Ave. NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2807
Facsimile: (202) 689-2860

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION**

| | |
|---|---|
| GOUYEN BROWN LOPEZ, *et al.*,<br>　　　　　　Plaintiff,<br>　　v.<br>UNITED STATES OF AMERICA, *et al.*,<br>　　　　　　Defendants,<br>and<br>RESOLUTION COPPER MINING, LLC,<br>　　　　　　Defendant-Intervenor. | No. 2:25-cv-02758-DWL<br><br>**NOTICE OF EXPEDITED CONSIDERATION OF EMERGENCY MOTION FOR INJUNCTION PENDING APPEAL** |

Pursuant to Judge Lanza's Preliminary Order, Plaintiffs request that, should the Court deny Plaintiffs' still-pending motion for a preliminary injunction, the Court expedite

1

consideration of Plaintiffs' Emergency Motion for Injunction Pending Appeal and rule on the motion by **today, August 15, 2025, or contemporaneously with the Court's preliminary-injunction order**.

As explained in the Memorandum of Points and Authorities filed with the motion and this notice, the United States plans to transfer Oak Flat on August 19. Upon the land transfer, Plaintiffs will suffer irreparable harm, including interference with their planned religious ceremonies, threat of trespass liability, and potential loss of the court's equitable authority to later rescind the land transfer.

There is no need to wait for additional briefing before ruling on this motion. The parties' legal arguments are clearly laid out in their briefing on the Motion for Preliminary Injunction. *See Feldman v. Az. Sec'y of State's Office*, 843 F.3d 366, 367 (9th Cir. 2016) (en banc) ("The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction.").

Moreover, as the Court is aware, an order on this request is ordinarily required for Plaintiffs to seek an injunction pending appeal at the Ninth Circuit, which Plaintiffs intend to do immediately if necessary. Should the Court deny Plaintiffs' motion for preliminary injunction, Plaintiffs therefore respectfully request that the Court rule on this request contemporaneously upon issuing that denial, to permit Plaintiffs to seek an emergency injunction pending appeal from the Ninth Circuit before they suffer imminent, irreparable harm from the transfer.

Dated: August 15, 2024                    Respectfully submitted,

                                                                                                                              Nelson Mullins Riley & Scarborough LLP

                                                          By: /s/ Miles E. Coleman
                                                               Miles E. Coleman (admitted *pro hac vice*)
                                                               miles.coleman@nelsonmullins.com
                                                               2 W. Washington Street, Suite 400

Greenville, SC 29601
Telephone: (864) 373-2352
Facsimile: (864) 373-2925

Jeffrey A. Wald (admitted *pro hac vice*)
jeffrey.wald@nelsonmullins.com
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
Telephone: (336) 774-3335
Facsimile: (336) 774-3299

Madeline C. Bergstrom
(application for admission *pro hac vice* forthcoming)
madeline.bergstrom@nelsonmullins.com
101 Constitution Ave. NW, Suite 900
Washington, DC 20001
Telephone: (202) 689-2807
Facsimile: (202) 689-2860

*Attorneys for Plaintiffs*