**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

San Carlos Apache Tribe,

Plaintiff,

v.

United States of America, et al.

Defendants.

Arizona Mining Reform Coalition, et al.,

Plaintiffs,

v.

United States Forest Service, et al.,

Defendants.

Gouyen Brown Lopez, et al.,

Plaintiffs,

v.

United States of America, et al.

Defendants.

No. CV-21-00068-PHX-DWL
CV-21-00122-PHX-DWL
CV-25-02758-PHX-DWL

**JOINT STATUS REPORT**

On September 8, 2025, this Court stayed these cases "in [their] entirety" and ordered the parties to submit a joint status report, "within fourteen days of a decision from the court of appeals on the pending injunction-pending-appeal motion," setting forth their positions "on further proceedings in this Court." San Carlos Apache Tribe Dkt. 131; AMRC Dkt. 105; Lopez Dkt. 49.

Pursuant to those orders, the parties submit the following.

On March 13, 2026, the Ninth Circuit issued an opinion affirming this Court's orders denying Plaintiffs' motions for a preliminary injunction. *Arizona Mining Reform Coalition* v. *USFS*, No. 25-5185, 2026 WL 711200. The court of appeals noted that "Judge Rawlinson will dissent on the appraisal issue," and that the "partial dissent is forthcoming and will be filed with an amended opinion." *Id.* at n.1. The court also denied as moot Plaintiffs' motions for an injunction pending appeal, and it dissolved the administrative stay that had prohibited the government and Resolution from completing the land exchange pending the appeal. *Id.* at *13. The same day the Ninth Circuit issued its opinion, the United States and Resolution completed the exchange of the lands specified in the Land Exchange Act.[1] On Saturday March 14, the Lopez Plaintiffs applied to the Supreme Court of the United States for an emergency injunction. On March 19, Justice Kagan denied the application.

On March 26, Plaintiffs AMRC and the Tribe moved the Ninth Circuit to extend the time to file a petition for rehearing en banc until the later of 45 days from the Ninth Circuit's opinion or 14 days after publication of Judge Rawlinson's dissenting opinion. On March 27, the Circuit issued an order denying that motion, instead setting the deadline for any rehearing petition as 45 days after the amended opinion is issued. Dkt. No. 172.1.

**Plaintiffs' Position(s) Regarding Further Proceedings in This Court**

**1.** AMRC et al., the Plaintiffs in case No. CV-21-00122-PHX-DWL, believe that the filing of this status report is premature, as the Ninth Circuit has yet to issue its forthcoming amended opinion. In any event, AMRC proposes that the case continue to be stayed for 60 days, or until the Ninth Circuit rules on AMRC's petition for rehearing en banc, whichever comes later. Once the Ninth Circuit issues its amended opinion, with

[1] Plaintiffs Gouyen Brown Lopez et al. object to this sentence as incomplete, since it omits that the transfer occurred after business hours on a Friday night after the Lopez Plaintiffs notified the United States of its intent to file an emergency appeal at the Supreme Court and requested advance notice of the transfer, which the United States declined to provide. The Lopez Plaintiffs provide additional context separately below.

Judge Rawlinson's dissent, AMRC intends to move for rehearing en banc, which, if granted, would significantly impact the status of the case and the issues before the district court.

Any delay for this court to await the outcome of the en banc petition will be minor, and neither the Federal Defendants nor Resolution Copper will suffer any prejudice in the meantime. Under Circuit rules, the court undertakes an expedited review of an en banc petition, as the court may deny the petition if no judge requests en banc review within 21 days. *See* Circuit Advisory Committee Note to Rules 40-2 to 40-3 (1).

However, if the Circuit "votes to rehear a matter en banc … the three-judge panel opinion is vacated." *Id*. at (2). This would substantially affect proceedings before the district court, as it would not make sense for the parties to brief the appraisal issues while a new decision was forthcoming from the Circuit en banc. Further, although the land has been exchanged, the Ninth Circuit has ruled that it has the authority to "Unwind the Exchange," and "set aside" the exchange and restore federal ownership. *Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172, 1187-88 (9th Cir. 2000). If the petition is granted, the Circuit has the authority to "issue any other appropriate order." FRAP Rule 40(e)(3).

While AMRC has no intention here of unnecessarily delaying the proceedings in this court, AMRC does think an extension of the current stay is warranted due to the consequences of the Ninth Circuit granting its forthcoming en banc petition. Last, the *Apache Stronghold* case before Judge Logan is not analogous here, as there are no pending matters before the Ninth Circuit in that case.

**2.** The San Carlos Apache Tribe, the Plaintiff in case No. CV-21-00068-PHX-DWL, respectfully asks the Court to continue the stay until the Ninth Circuit resolves all petitions for rehearing en banc that Plaintiffs-Appellants file in the interest of judicial economy and to avoid inconsistent rulings. Defendants-Appellees do not identify any

prejudice that would result from a stay and their assertion that the Court should follow the lead of Judge Logan in the *Apache Stronghold* matter ignores that the stay in that case remained in place through a Ninth Circuit decision, rehearing en banc, petitions for certiorari before the United States Supreme Court, and the Ninth Circuit's review of this Court's preliminary injunction order in this case. The Tribe further asks the Court to order status updates every 60 days until the Ninth Circuit disposes all petitions for rehearing en banc that Plaintiffs-Appellants timely file.

**3.** Gouyen Brown Lopez et al., the Plaintiffs in case No. CV-25-02758-PHX-DWL, respectfully submit a separate statement of relevant proceedings as follows:

a. Lopez Plaintiffs' Separate Statement of Relevant Proceedings. The Ninth Circuit issued its ruling on Friday, March 13, at 7:34 p.m. ET. At 8:58 p.m. ET, counsel for the Lopez Plaintiffs emailed the United States' counsel, stating that "Plaintiffs intend to file in the Supreme Court an emergency application for injunction pending appeal," asking when the United States planned to complete the land exchange, and asking if the United States would agree to a brief stay of the exchange to allow the Supreme Court to review Plaintiffs' forthcoming emergency application. To inform whether an immediate emergency application was needed, counsel for the Lopez Plaintiffs asked the United States to respond to their inquiry by 10:00 a.m. ET on Saturday, March 14.

Hours after the Lopez Plaintiffs notified the United States of their intent to file an emergency application in the Supreme Court, the United States and Resolution completed the land exchange. However, the United States did not notify Plaintiffs' counsel or respond to their inquiry until 1:00 p.m. ET on Saturday, March 14.

Later that day, the Lopez Plaintiffs filed their emergency application in the Supreme Court. On Sunday, March 15, the United States and Resolution filed letters responding to the emergency application, and the Lopez Plaintiffs filed a reply letter. On March 19, Justice Kagan denied the application.

b. Lopez Plaintiffs' Position Regarding Proceedings in this Court. The Lopez Plaintiffs submit that the case should remain stayed until conclusion of proceedings in the Ninth Circuit. The Ninth Circuit panel stated that it still intends to issue "an amended opinion," including a "forthcoming" dissent from Judge Rawlinson. *Arizona Mining Reform Coal. v. USFS*, No. 25-5185, 2026 WL 711200, at n.1. And all three Plaintiffs intend to file petitions for rehearing en banc. Thus, proceedings in the Ninth Circuit remain ongoing, and the original circumstances giving rise to the need for a stay remain in effect. *See* Dkt. 48-49. Specifically, a "temporary stay in this Court would allow the parties to focus their resources in the near term" on "briefing before the Ninth Circuit rather than … potential motions practice before this Court." Dkt. 48 at 1. And "judicial economy is served by staying these cases at least until" the Ninth Circuit appeal is complete. *Id.*

The "competing interests" relevant to a stay also counsel in favor of keeping the stay in place. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). First, Defendants suffer no "possible damage" from the continuance of a stay that they moved for, particularly since they have already rushed ahead to complete the land transfer and begin work on the mine. *Id.* Second, Plaintiffs would suffer "hardship or inequity" here "in being required to go forward" since the resources of Plaintiffs' counsel are presently devoted to exhausting appellate review of this Court's denial of Plaintiffs' motion for a preliminary injunction. *Id.* Third, "the orderly course of justice" favors a stay, since significant "simplif[ication] … of issues, proof, and questions of law … could be expected to result from" full resolution of proceedings in the Ninth Circuit. *Id.* Accordingly, this Court should continue to "exercise [its] sound discretion" regarding the stay of this "pending proceeding." *Id.*

Defendants are also mistaken that the rushed completion of the land transfer somehow renders the "remedy" Plaintiffs' are requesting "moot." *See infra*. Plaintiffs request a preliminary injunction not just "enjoining Defendants from conveying Oak Flat to the

mining company" but also "otherwise allowing or authorizing the company to take any action affecting Oak Flat's physical integrity." Dkt. 15. If the Ninth Circuit grants en banc review and reverses the denial of a preliminary injunction, it is well within this Court's remedial power to void the illegal land transfer and to halt ongoing actions affecting Oak Flat's physical integrity. Indeed, courts have long recognized that when plaintiffs challenge a land transfer from the government to a private party, and both parties have notice, those parties "act[] at their peril in transferring the land," "subject to the power of the court" to declare "the legality of the transfer" and "restore the status" of the land prior to the transfer. *Desert Citizens Against Pollution v. Bisson*, 231 F.3d 1172, 1187 (9th Cir. 2000); *see also Porter v. Lee*, 328 U.S. 246, 251 (1946) ("court may by mandatory injunction restore the status quo" where "defendant with notice in an injunction proceeding" attempts to change the "status quo" by "complet[ing] the acts sought to be enjoined"). This is particularly true when, as here, "an order declaring void the executive portion of the land exchange" would not "destroy the legal entitlements of absent parties, or return federal lands which have been irrevocably changed by private actions." *Desert Citizens*, 231 F.3d at 1187.

**Defendants' Position Regarding Further Proceedings in This Court**

Defendants the United States and Resolution Copper both respectfully submit that, now that the Ninth Circuit has affirmed this Court's denial of preliminary injunctive relief, this Court should lift the stay and resume proceedings on Plaintiffs' claims without delay. No sound basis exists for prolonging further the *commencement* of litigation on the merits of Plaintiffs' claims.[2]

As the Court is aware, the proceedings in these cases have so far been limited to

---

[2] Defendants disagree with AMRC's assertion that this status report is "premature." This Court ordered the parties to submit this report within 14 days from the court of appeals' "decision … on the pending injunction-pending-appeal motion." The Ninth Circuit has issued that decision, which will not be changed by the publication of Judge Rawlinson's forthcoming partial dissent.

Plaintiffs' motions for a preliminary injunction. But the remedy that Plaintiffs requested in those motions—to enjoin execution of the statutory land exchange—is now moot. The United States and Resolution have completed the land exchange in accordance with Congress's express directive that this land exchange be "expedite[d]" within a date certain from issuance of the final environmental impact statement. 16 U.S.C. § 539p(a), (c)(10). County records now reflect that Resolution holds title to the formerly federal lands, and the United States holds title to the former Resolution lands. The government also recently issued the final Record of Decision ("ROD") for permitting decisions relevant to the mine—the final version of the draft ROD that this Court previously reviewed during the preliminary injunction proceedings. Given those circumstances, Plaintiffs should be required to identify which legal claims they continue to press and what remedies they seek. Defendants can then respond with responsive pleadings or Rule 12 motions. The litigation should not be unnecessarily delayed—potentially for several more months—while Plaintiffs pursue rehearing en banc.

While Judge Rawlinson has yet to issue her partial dissent from the Ninth Circuit's opinion, no good cause exists to delay proceedings in this Court until that separate writing is published. The panel majority expressly issued its decision to avoid further delay, and it made clear that Judge Rawlinson's *partial* dissent will address only the appraisal claim, which is raised only by AMRC. But as this Court and the panel majority determined, that claim flouts Ninth Circuit precedent and foundational principles of property law. 2026 WL 711200, at *5-7 & n.1. The panel majority also held, as this Court did, that Plaintiffs raised no "serious questions" on "any" of their claims. When the Lopez Plaintiffs applied to the Supreme Court for emergency injunctive relief following the Ninth Circuit's opinion, Justice Kagan promptly denied that application In Chambers without even calling for a response from Defendants.

Plaintiffs' claims do not meet the standard for rehearing en banc or certiorari. If

Plaintiffs nevertheless succeeded in obtaining rehearing further review, then this Court could take account of that development and adjust these proceedings accordingly.

Finally, since the Ninth Circuit issued its opinion, Judge Logan has lifted the stay of proceedings in the *Apache Stronghold* case. *See* Order, No. CV-21-00050-PHX-SPL, Dkt No. 183. This Court should do likewise, so that cases raising some overlapping issues do not proceed on different tracks. Judge Logan has ordered the *Apache Stronghold* plaintiff, within 30 days, to either file any amended complaint or else notify the court and the parties that plaintiff will stand on its operative complaint, after which the government and Resolution will answer or move to dismiss. *Id.* Defendants here respectfully submit that this Court should issue the same Order to Plaintiffs in these cases.

Dated: March 27, 2026

Respectfully submitted,

/s/ *Roger Flynn (with permission)*
Roger Flynn (CO Bar # 21078)
(*pro hac vice*)
Jeffrey C. Parsons (CO Bar #30210)
(*pro hac vice*)
WESTERN MINING ACTION PROJECT
P.O. Box 349 440 Main St., #2
Lyons, Colorado 80540
Email: roger@wmaplaw.org

Marc D. Fink (MN Bar #343407)
(*pro hac vice*)
CENTER FOR BIOLOGICAL DIVERSITY
209 East 7th Street
Duluth, Minnesota 55805

Allison N. Henderson (CO Bar #45088) (*pro hac vice*)
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 3024
Crested Butte, CO 81224

*Attorneys for Plaintiffs AMRC et al.*

*/s/Michael R. Huston*
Michael R. Huston (#038763)
Diane M. Johnsen (#007634)
Samantha J. Burke (#036064)
Addison W. Bennett (#039801)
PERKINS COIE LLP
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227

Christopher D. Thomas (#010482)
Andrea J. Driggs (#023633)
Janet M. Howe (#034615)
Benjamin A. Longbottom (#038602)
HOLLAND & HART LLP
2398 E. Camelback Road, Suite 650
Phoenix, AZ 85016

*Attorneys for Defendant-Intervenor Resolution Copper Mining LLC*

*/s/ Susan Montgomery (with permission)*
Susan B. Montgomery
MONTGOMERY & INTERPRETER, PLC
3301 E. Thunderbird Rd.
Phoenix, AZ 85032
(480) 513-6825
smontgomery@milawaz.com
rinterpreter@milawaz.com

*Attorney for the Plaintiff Inter Tribal Association of Arizona, Inc.*

*/s/ Alexander B. Ritchie (with permission)*
Alexander B. Ritchie (#019579)
Justine Jimmie (#019148)
Laurel Herrmann (#025623)
Jana Sutton (#023040)
Bernardo M. Velasco (#033746)
SAN CARLOS APACHE TRIBE
DEPARMENT OF JUSTICE
P.O. Box 40
San Carlos, Arizona 85550

Joe P. Sparks (#002383)
THE SPARKS LAW FIRM, P.C.
7503 First Street
Scottsdale, Arizona 85251

Steve Titla (#009325)
TITLA & PARSI, PLLC
*(of counsel)*
*245 S. Hill Street*
*P.O. Box 1143*
*Globe, Arizona 85502*

*Attorneys for Plaintiff San Carlos Apache Tribe*

*/s/ Miles E. Coleman (with permission)*
Miles E. Coleman
NELSON MULLINS RILEY
& SCARBOROUGH LLP
2 W. Washington St., Suite 400
Greenville, SC 29601
(864) 373-2352
miles.coleman@nelsonmullins.com

*/s/ Erika Norman (with permission)*
ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

ERIKA NORMAN
Senior Attorney
Environment & Natural Resources Div.
Natural Resources Section
U.S. Department of Justice
150 M. Street, NE
Washington, D.C. 20002
(202) 532-3143

*Attorneys for Federal Defendants*

Jeffrey A. Wald
NELSON MULLINS RILEY
& SCARBOROUGH LLP
380 Knollwood Street, Suite 530
Winston-Salem, NC 27103
(336) 774-3335
jeffrey.wald@nelsonmullins.com
Madeline C. Bergstrom
NELSON MULLINS RILEY
& SCARBOROUGH LLP
101 Constitution Ave. NW, Suite 900
Washington, DC 20001
(202) 689-2807
madeline.bergstrom@nelsonmullins.com

*Counsel for Plaintiffs Lopez et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 27, 2026

*/s/ Michael R. Huston*
Michael R. Huston