ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Energy and Natural Resources Division

ERIKA NORMAN (CA Bar 268425)
Natural Resources Section
150 M St. NE, Third Floor
Washington, D.C. 20002
(202) 305-0475
Erika.Norman@usdoj.gov

*Attorneys for Federal Defendants*

**THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| GOUYEN BROWN LOPEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITES STATES OF AMERICA, et al.,<br><br>Federal Defendants,<br><br>and<br><br>RESOLUTION COPPER MINING, LLC,<br><br>Defendant-Intervenor. | Case No. 2:25-cv-02758-DWL<br><br>**OPPOSITION TO MOTION TO MAINTAIN STAY OF PROCEEDINGS PENDING DISPOSITION OF PETITION FOR WRIT OF CERTIORARI** |

## INTRODUCTION

Plaintiffs ask this Court to "maintain the stay of proceedings" pending disposition of their forthcoming certiorari petition to the United States Supreme Court. The Court should decline to do so. Plaintiffs' motion may have had merit if Lopez were writing on a blank slate, but they are not. Lopez's constitutional and Religious Freedom Restoration Act ("RFRA") claims have been rejected by the Ninth Circuit no less than three times, and the Supreme Court has twice declined to hear them. Far from "threatening to undermine Supreme Court review," Pls.' Mot. to Maintain Stay of Proceeding ("Pls.' Mot.") 1, Dkt. No. 58, denying Plaintiffs' motion would hew to those prior decisions. Further, claims identical to Lopez's are now proceeding in *Apache Stronghold v. United States*, No. 21-50 (D. Ariz. filed Jan. 1, 2021), where the district court *lifted* the stay after the Ninth Circuit rejected Lopez's claims.

In that case, Apache Stronghold subsequently amended its complaint to bring the same *Mahmoud*-based Free Exercise Clause claim Lopez asserts here, as well as Lopez's National Environmental Policy Act ("NEPA") and National Historic Preservation Act ("NHPA") claims. Motions to dismiss have been fully briefed for months. Staying *Lopez* while *Apache Stronghold* proceeds on identical claims does not promote judicial economy. Apache Stronghold already had "a clear shot" at Supreme Court review on the same claims Lopez continues to press; Lopez does not need a stay now, before it even takes a second shot. Finally, while it may have made sense for Judge Logan to stay proceedings while Apache Stronghold sought further review and the related cases before this Court were also stayed, that review is now over and Lopez does not offer any new reason why the Court should enter a stay.

## BACKGROUND

Decades ago, a large copper deposit was discovered beneath National Forest System Lands on the Tonto National Forest. Following years of debate, in 2014, Congress passed and President Obama signed the Southeast Arizona Land Exchange and Conservation Act ("the Act"). 16 U.S.C. § 539p. The Act's purpose is to "authorize, direct,

facilitate, and expedite the exchange of land between Resolution Copper and the United States." *Id.* § 539p(a). It directs the Forest Service to convey 2,422 acres of land—including an Apache ceremonial ground known in English as "Oak Flat"—in exchange for at least 5,344 acres of land owned by Resolution. *Id.* § 539p(b)(2), (4). The Act contains several procedural requirements, including that the Forest Service must prepare an environmental impact statement ("EIS") before conveying federal land. *Id.* § 539p(c)(9)(B).

There are four cases in this district that challenge the now-completed land exchange and Resolution Copper Project: *Apache Stronghold v. United States*, No. 21-50 (D. Ariz.); *San Carlos Apache Tribe v. United States Forest Service* (*San Carlos*), No. 21-68 (D. Ariz.); *Arizona Mining Reform Coalition v. United States Forest Service* (*AMRC*), No. 21-122 (D. Ariz.); and this one, *Lopez v. United States*, No. 25-2758 (D. Ariz.). The Forest Service's initial publication of an EIS in 2021 triggered the first wave of litigation. All cases but *Lopez* were initiated during this period.

*Apache Stronghold* was first. Apache Stronghold sued and moved for a preliminary injunction based on its RFRA, Free Exercise Clause, and breach of trust claims. No. 21-50, Dkt. Nos. 1, 7. The district court denied the motion and Apache Stronghold appealed. No. 21-50, Dkt. Nos. 57, 59. Although the Forest Service subsequently withdrew the EIS, *see* No. 21-50, Dkt. No. 80, the case continued through the appeals process but was stayed in the district court until this past spring. No. 21-50, Dkt. No. 183. The Ninth Circuit affirmed the district court's denial of the preliminary injunction. *Apache Stronghold v. United States*, 38 F.4th 742 (9th Cir. 2022). An en banc panel also affirmed. *Apache Stronghold v. United States*, 101 F.4th 1036, 1044 (9th Cir. 2024) (en banc). The Supreme Court denied Apache Stronghold's petition for certiorari in May 2025 over the dissent of Justices Gorsuch and Thomas. *Apache Stronghold v. United States*, 145 S. Ct. 1480, 1480–89 (2025). Apache Stronghold then asked the Supreme Court to reconsider its denial of certiorari following the Court's decision in *Mahmoud v. Taylor*, 606 U.S. 522 (2025). The Supreme Court denied that petition as well. *Apache Stronghold v. United States*, 146 S.

Ct. 285 (2025).

After the Forest Service withdrew the EIS in March 2021, the *AMRC* and *San Carlos* cases were stayed until 2025. When the Forest Service gave sixty days' notice that it planned to publish a Final EIS no later than June 16, 2025, those Plaintiffs moved for preliminary injunctions. After two rounds of preliminary injunction briefing, this Court denied the motions in a 94-page order issued on August 15, 2025. *See San Carlos Apache Tribe v. U.S. Forest Serv.*, 803 F. Supp. 3d 879 (D. Ariz. 2025), *aff'd sub. nom. AMRC v. U.S. Forest Serv.*, 172 F.4th 641 (9th Cir. 2026), *reh'g denied* -- F.4th --, 2026 WL 2918160 (9th Cir. Sept. 29, 2026).

This case, *Lopez,* was not initiated until July 24, 2025, in the District of Columbia. The court granted the government's motion to transfer venue to this district on August 1, 2025. In the transfer memorandum, the court explained that the Lopez's conduct "raise[d] the specter of forum-shopping," because the Ninth Circuit's decision in *Apache Stronghold* "would appear to doom many of their First Amendment and RFRA claims." *Lopez v. United States*, No. CV 25-2408-TJK, 2025 WL 2193001, *3–4 (D.D.C. Aug. 1, 2025). On August 17, 2025, this Court likewise denied Lopez's motion for a preliminary injunction. *Lopez v. United States*, No. CV-25-2758-PHX-DWL, 2025 WL 2380475 (D. Ariz. Aug. 17, 2025).

After the Ninth Circuit decided the consolidated appeals (*San Carlos, AMRC*, and *Lopez*), the district court lifted the stay in *Apache Stronghold* and Apache Stronghold filed an Amended Complaint on April 22, 2026. No. 21-50, Dkt. No. 183. Apache Stronghold's Amended Complaint brought eleven claims. Relevant here, Apache Stronghold duplicates several of Lopez's existing claims, specifically Lopez's Free Exercise Clause claim based on *Mahmoud*, Lopez's two NEPA claims, and Lopez's NHPA claim. The government and Resolution Copper each moved to dismiss the Amended Complaint in its entirety. Those motions have been fully briefed since June 12, 2026. No. 21-50, Dkt. No. 197.

The *AMRC* and *San Carlos* cases are now both proceeding before this Court and Plaintiffs in those cases will file amended pleadings on December 1, 2026. No. 21-68,

Dkt. No. 140; No. 21-122, Dkt. No. 114.

Lopez does not wish to proceed, although its claims have yet to succeed at any level and are already the subject of motions to dismiss before Judge Logan in *Apache Stronghold*, and has asked this court to stay proceedings. Dkt. No. 58.

## LEGAL STANDARDS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the [cases] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). A court may issue a stay of proceedings in the interests of efficiency and fairness when a "pending resolution of independent proceedings [] bear[s] upon the case." *Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). An applicant for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255. When considering whether to stay a case, the trial court considers (1) "the possible damage [that] may result from the grant[] of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268 (citing *Landis*, 299 U.S. at 254-55). The Court may also consider whether it is "efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva*, 593 F.2d at 863.

## ARGUMENT

This Court should decline Lopez's request to enter a new stay of this case that, though filed more than a year ago, is still at the pleadings stage. The stay that this Court previously entered has expired by its own terms: The Court entered a stay only pending

the petitions for rehearing en banc in *AMRC* and issuance of the mandate—not through the conclusion of potential certiorari proceedings. That stay reflected Lopez's request: Lopez requested a stay only "until conclusion of proceedings in the Ninth Circuit." Jt. Status Report 5, Dkt. No. 52. Those proceedings are now over, the related cases are proceeding in the district court, and Lopez did not request a stay of the mandate from the Ninth Circuit. No sound basis exists for further prolonging the *commencement* of litigation on the merits of Lopez's claims, and there are good reasons for this Court to decline to enter a further stay.

## I. The Relative Hardships of the Parties Weigh Against a Stay.

"Under the first two *Landis* factors, the Court must balance the hardships of the parties if the action is stayed or if the litigation proceeds." *Flores v. Bennett*, 675 F. Supp. 3d 1052, 1060 (E.D. Cal. 2023) (citation modified). But "'if there is even a fair possibility that the stay . . . will work damage to some one else,' the party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward.'" *In re PG&E Corp. Sec. Litig.*, 100 F.4th 1076, 1087 (9th Cir. 2024) (quoting *Landis*, 299 U.S. at 255).

There is more than a "fair possibility" of harm to Federal Defendants. Lopez's Complaint asks the Court to declare "the transfer and destruction of Oak Flat . . . invalid" under RFRA and the Constitution. Compl. 23, Dkt. No. 1. But the land exchange was completed months ago, and the Forest Service issued a Record of Decision ("ROD") in March 2026 authorizing the issuance of special use authorizations in connection with uses of adjacent National Forest System ("NFS") lands and roads for mine-related pipeline and power line infrastructure. These uses require special use authorizations, for which Resolution Copper (and Salt River Project, the owner and operator of the power line) submit application(s). Before deciding to approve issuance of a special use authorization, the Forest Service considers the potential environmental effects of authorizing the proposed uses of NFS land and roads in accordance with NEPA, and includes terms and

conditions, including minimizing damage to the environment and requiring compliance with applicable water and air quality standards. *See* ROD at 5.[1]

Lopez is wrong that "staying proceedings here would cause Defendants no practical harm at all," Pls.' Mot. 7. Litigation delay in and of itself may not be harmful, but here the Forest Service is reasonably devoting taxpayer-funded agency resources to facilitating a project that Congress determined was in the public interest (*see* Order at No. 91-92, Dkt. No. 124) and which both this Court and the Ninth Circuit have ruled may move forward. If Lopez is right that the land exchange is invalid and unconstitutional though, they are asking this court to delay beginning to resolve this case for potentially another year or more should the Supreme Court ultimately decline to intervene again, at which point the Forest Service will have invested even more resources that could have been used elsewhere for the benefit of the public. All this says nothing of the harm to Resolution, which has made significant investments in the Project and in the property it now owns, and faces continued uncertainty from this litigation threatening its property. Defendants having shown at least a "fair possibility" of harm from a stay, the onus shifts to Lopez to establish a "a clear case of hardship or inequity in being required to go forward." *See In re PG&E Corp. Sec. Litig.*, 100 F.4th at 1087. They cannot do so.

Lopez will not suffer any hardship or inequity by having to litigate this case pending their filing of a petition for certiorari and the Supreme Court's determination of that petition. "'[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). Given the current posture of the case, Lopez is unlikely to be burdened with "substantial, unrecoverable, and wasteful discovery and pretrial motions practice on matters that could be mooted by a pending appeal." *Flores*, 675 F. Supp. 3d at 1062 (citation modified). The next logical step in *Lopez* is for Defendants to

---

[1] The ROD is publicly available through the Project website at https://www.resolutionmineeis.us/.

respond to the Complaint. Assuming Defendants move to dismiss as they did in *Apache Stronghold*, responding to a motion to dismiss is not a hardship. *C.f. McGeathy v. Reinalt-Thomas Corp.*, No. 25-01439-PHX-DLR, 2026 WL 1429257, at *2 (D. Ariz. May 21, 2026) (after finding the non-moving party failed to show a "fair possibility" of harm from a stay, proceeding to address the moving party's litigation hardship from "extensive and expensive discovery"). This is particularly true when the claims that would be subject to the motion to dismiss are identical to those raised in a related case on which motions to dismiss have already been briefed.

Lopez is also wrong that without a stay they would be prejudiced because their putative petition "bears a substantial chance of being granted." Pls.' Mot. 7. A panel of the Ninth Circuit rejected the same arguments Lopez would make in its cert petition and the full court declined to rehear them. The panel majority held that Plaintiffs had not established they were likely to succeed on the merits—indeed, the Court found that Plaintiffs had not even raised serious questions regarding any of their claims. In particular, the panel held that Lopez's religious liberty claims are "foreclosed" by the en banc Court's decision in *Apache Stronghold v. United States*, 101 F.4th 1036 (9th Cir. 2024), which itself applied the Supreme Court's precedent in *Lyng v. Northwest Indian Cemetery Protective Ass'n*, 485 U.S. 439 (1988). *See AMRC*, 172 F.4th at 664-66. Following the panel's decision, Lopez sought an emergency injunction from the Supreme Court, which Justice Kagan denied. *Lopez v. United States*, No. 25A1008 (U.S. Mar. 19, 2026).

Lopez's claims are exceptionally weak on the merits and are unlikely to meet the standard for certiorari. Lopez raises claims the Ninth Circuit already rejected three times between *Apache Stronghold* and *AMRC* (Counts I and II), a *Mahmoud*-based claim the Ninth Circuit rejected in *AMRC* and on which Supreme Court denied rehearing in *Apache Stronghold* (Count III), and NEPA and NHPA claims the Ninth Circuit rejected in *AMRC* (Counts IV and V). *See Apache Stronghold*, 38 F.4th 742,; *AMRC*, 172 F.4th 641. Indeed, the Lopez Plaintiffs did not even seek a stay of the appellate mandate while they sought certiorari. *See* Fed. R. App. P. 41(d)(2). The Ninth Circuit has explained why Lopez's

religious liberty claims are "foreclosed by precedent," and why the Supreme Court's decision in *Mahmoud* does not alter the conclusion that *Apache Stronghold* bars Lopez's identical claims. *AMRC*, 172 F.4th at 664-66.

The Ninth Circuit also rejected Lopez's "alternative mining techniques" and "page limits" NEPA claims, suggesting that the mining alternatives claim could be barred by *Seven County Infrastructure Coalition v. Eagle County, Colorado*, 605 U.S. 168 (2025). *Id.* at 662. Finally, the court called Lopez's claim that the Final EIS was too long "harmless error." *Id.* The Supreme Court takes few cases and none of this is cert-worthy. *C.f. Whittaker v. All Reverse Mortg. Inc.*, No. CV-20-08016-PCT-DLR, 2020 WL 2829785, at *1 (D. Ariz. May 29, 2020) ("Thus, the Supreme Court's decision . . . although not doubtlessly outcome determinative, might dispose of the lawsuit, narrow Plaintiff's class, or at least provide relevant guidance to the Court."). But if Lopez nevertheless obtained further review, then Lopez could easily renew their request for a stay, and this Court could take that development into account. *See United States v. Garcia-Gomez*, No. 14-CR-00120-EMC-5, 2019 WL 331279, at *2 (N.D. Cal. Jan. 25, 2019) (granting a stay because the Supreme Court *granted* certiorari, and the Ninth Circuit ordered additional briefing, in cases that would define a term that is central to one of the defendant's claims).

Finally, Lopez is wrong that "any delay would be of a definite (and limited) duration." Pls.' Mot. 7. As a general principle, a stay that covers an "immoderate stretch of time" is disfavored. *Landis*, 299 U.S. at 257; *United States v. Sharp*, No. 2:24-CR-00173-AKB, 2025 WL 2782912, at *2 (D. Idaho Sept. 30, 2025) (denying defendants' motion to stay pending a certiorari decision in another case). While it may be appropriate to stay a case *once* the Supreme Court has granted certiorari on a dispositive issue, courts should be less deferential when faced with an indeterminate possibility that the Supreme Court may grant certiorari for petition that has not even been filed yet. *See, e.g.*, *United States v. Johnson*, No. CR 11-140-BLG-SPW, 2018 WL 9617234, at *1 (D. Mont. Sept. 28, 2018) (denying stay where moving party relied on possibility of yet-to-be filed appeal). The stay Lopez requests would be indeterminate. Lopez has yet to file a petition and may

seek an extension of up to sixty days to do so; the government has yet to respond; and it is unclear when that putative petition will be considered. With or without a stay, however, Lopez can still file its petition now, and if granted, can renew its request for a stay later.

In sum, there is at least a fair possibility of harm to Federal Defendants and Lopez's arguments about harm are speculative at this point and rely on a chain of future events that may or may not occur.

## II. <u>The Orderly Course of Justice Weighs Against a Stay.</u>

The third *Landis* factor considers the "orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. That factor too weighs against a stay. "Had [Lopez] wished to proceed promptly and efficiently to the Supreme Court, it should have asked the Ninth Circuit to stay the mandate, per Fed. R. App. P. 41(d)(1)." *Ngethpharat v. State Farm Mut. Auto. Ins.*, No. C20-454, 2025 WL 672730, at *1 (W.D. Wash. Mar. 3, 2025). Plaintiffs did not do so, even though the Ninth Circuit might have been better positioned to address whether a stay would be proper, "particularly since the Ninth Circuit had considered and rejected [Lopez's] petition for rehearing en banc." *Id.*

To be sure, in some cases granting a stay avoids the risks of inconsistent rulings, wasted resources, and duplicative proceedings; this does not hold true here.[2] The other two cases that were part of the consolidated appeals are proceeding. Since the Ninth Circuit issued its opinion in those cases, Judge Logan lifted the stay of proceedings in the *Apache Stronghold* case. *See* No. 21-50, Order, , Dkt. No. 183. Resuming Lopez's case on a similar timeline as the other three cases promotes the interests of judicial economy and efficiency. When Apache Stronghold subsequently amended its complaint in that case, it carried over several of Lopez's existing claims. *See* No. 21-50, Am. Compl. Counts I, IV, VIII, IX, Dkt. No. 184. Defendants moved to dismiss, and those motions have been

---

[2] In none of the cases Lopez cites, *see* Pls.' Mot. 6 & n.1, were the same claims previously subject to a petition for certiorari.

fully briefed for several months. Two successive cases pending in the same district raising identical claims should not proceed on different tracks, especially where Lopez's second-filed case "raise[d] the specter of forum-shopping," because the Ninth Circuit's decision in *Apache Stronghold* "would appear to doom many of their First Amendment and RFRA claims." *Lopez*, 2025 WL 2193001, at *3–4. The reasons why this Court entered a stay pending the resolution of the petitions for rehearing and rehearing en banc or why Judge Logan entered a stay pending the resolution of the *AMRC* consolidated appeal no longer apply: the Ninth Circuit proceedings are concluded, the three other cases are not stayed, and Lopez's claims are the subject of motions to dismiss in *Apache Stronghold* and if the motions are denied, will proceed to the merits.

In sum, Federal Defendants should not have to mount repeated, asynchronous defenses against the same claims brought by different Plaintiffs in the same district—doing so wastes judicial resources, is inefficient, and is prejudicial Federal Defendants who have prevailed multiple times in multiple courts and have had to wait over a year to litigate this case on the merits.

## CONCLUSION

In sum, this Court should not accept Lopez's request to enter a new, indeterminate stay. All three cases pending before this Court that were brought to challenge the now-completed land exchange should finally proceed. Lopez is not precluded from seeking further review before the Supreme Court or from renewing their motion for a stay later.

Submitted November 6, 2026,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Energy & Natural Resources Division

*/s/ Erika Norman*
ERIKA NORMAN
Senior Trial Attorney
Natural Resources Section
150 M St. NE, Third Floor
Washington, D.C. 20002
(202) 305-0475 (Norman)
Erika.Norman@usdoj.gov

*Attorney for Federal Defendants*